UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRANCE L. RANDLEMAN | CIVIL ACTION |
| VERSUS | NO. 17-3532 |
| LOUISIANA SUGAR REFINING, LLC | SECTION "B" (2) |

**ORDER AND REASONS ON MOTION**

This is a Title VII case in which plaintiff asserts claims of race and age discrimination, retaliation and hostile work environment, culminating in his wrongful termination from his employment. Defendant filed a motion to compel. Record Doc. No. 24. After being granted an extension of time to file, plaintiff submitted an opposition memorandum. Record Doc. No. 32. Defendant was granted leave to file a reply memorandum. Record Doc. Nos. 37, 39, 40. During a telephone conference on April 4, 2018, the court discussed with counsel a small portion of the motion relating to a separate subpoena duces tecum to a third party. Record Doc. No. 38. Having considered the motion papers, the record as a whole, the applicable law and the oral representations of counsel during the conference, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

Although most of plaintiff's objections are overruled, the motion is denied as to Interrogatories Nos. 4 and 5, which are unreasonably duplicative and cumulative of Interrogatory No. 1. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff clearly states in his answers to Interrogatories Nos. 4 and 5 that these potential witness are already identified in his

answer to Interrogatory No. 1, Record Doc. No. 24-5 at pp. 12, 13, which more than adequately identifies all potential witnesses whose identity defendant seeks. The motion is also denied as to Interrogatory No. 9. All objections are sustained.

I note, however, that the copy of interrogatory answers provided to me in connection with this motion does not include the verification of interrogatory answers, sworn under oath by <u>plaintiff himself</u>, required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5). The required verification as to all interrogatory answers must be provided.

The motion is denied as to Request for Production No. 9, which is overly broad, unnecessary, irrelevant and disproportional in light of the other record authorizations plaintiff has already provided. All objections are sustained.

The motion is denied as to Request No. 10. The subject Personnel Records Authorization is overly broad and extends to much that is neither relevant nor proportional to the needs of the case insofar as this request may relate to <u>all</u> of plaintiff's personnel records from <u>any</u> employer for whom he has <u>ever</u> worked. Plaintiff's personnel files relevant to the claims and defenses in this case are only those regarding his employment by defendant (which should already have them in its possession, custody or control, so that no executed authorization from plaintiff should be necessary); by Cargill, plaintiff's prior employer whose employment actions as to plaintiff are clearly part of his alleged claims, <u>see, e.g.</u> Record Doc. No. 19, First Amended Complaint at ¶¶ I(2), II(6), IV(B)(15) and (16); and, with specific relevance to plaintiff's claims for

back pay and front pay, id. at ¶¶ VI(1), by any employer for whom he worked after defendant terminated his employment. It is odd, indeed, that there is any dispute between the parties that they could not have resolved without court action, as required by Fed. R. Civ. P. 37(a)(1), about plaintiff's Cargill personnel file. Plaintiff himself attempted to subpoena the file from Cargill, Record Doc. No. 32, Exhibit D, Exhibit "A" to subpoena, ¶ 8, which intimates that he does not have that file within his possession, custody or control, but wants it just as much as defendant. Although defendant has filed objections to the Cargill subpoena, id., Exhibit E, I see no objection to production of plaintiff's Cargill personnel file. In fact, during the court's telephone conference with the court on April 4, 2018, counsel advised that they have both already received from Cargill what remains in its possession of plaintiff's personnel file after execution of Cargill's internal document retention/destruction policy, a copy of which was also produced in response to the subpoena. Thus, requiring plaintiff to execute a release authorization as to his Cargill personnel file is unnecessary. As to plaintiff's employers, if any, after his termination by defendant, the court would enforce execution of a personnel records authorization limited to specifically named employers for whom plaintiff worked after that termination. However, overly broad Request No. 10 does not seek that and is not so appropriately limited.

The motion is denied as to Request No. 12. Defendant's motion fails to explain why or how plaintiff's arrest records might be relevant to the claims or defenses of any

party. My review of the pleadings has identified no such relevance. Decisions in which discovery of arrest records (as opposed to admissible criminal <u>convictions</u> under Fed. R. Evid. 609) has been permitted appear to be cases in which the party's ongoing criminal record and activities are clearly at issue in the case itself; as, for example, when the party himself is alleged to be a fraud or to be committing a fraud. <u>Dotson v. Bravo</u>, 202 F.R.D. 559 (N.D. Ill. 2001), <u>aff'd</u>, 321 F.3d 663 (7th Cir. 2003); <u>In re Amtrak "Sunset Ltd." Train Crash</u>, 136 F. Supp. 1251 (S.D. Ala. 2001), <u>aff'd sub nom.</u> <u>In re Amtrak</u>, 29 F. App'x 575 (11th Cir. 2001). In the instant case, I cannot discern, in the absence of any explanation by the moving party and based solely upon my review of the pleadings, any relevance in plaintiff's <u>arrest</u> record. An authorization limited to the release of plaintiff's records concerning his criminal <u>convictions</u>, if any, of the type described in Fed. R. Evid. 609(a) would be relevant. However, overly broad Request No. 12 does not seek only that and is not appropriately limited.

The motion is granted in part and denied in part as to Request No. 16. It is granted in that all objections are overruled and plaintiff must produce to defendant all emails or other communications between plaintiff and John Steward relating to any of plaintiff's claims or allegations in this case, including the allegations made in paragraphs 17 to 19 of his First Amended Complaint. Plaintiff must provide a new written response to this request, as limited, clearly stating either that he has produced all such responsive materials, and making actual production, or that he has no such responsive materials in

his possession, custody or control. The motion is denied, and plaintiff's relevance and proportionality objections are sustained, insofar as Request No. 16 relates to entirely personal or other kinds of communications having nothing to do with plaintiff's claims or defendant's defenses in this case.

The motion is denied as to Requests Nos. 17 and 41. All objections are sustained.

The motion is granted as to Requests Nos. 18, 19, 20 and 24. All objections are overruled. Plaintiff is instructed that Request No. 24 concerning electronically stored information is well within the permissible parameters of Fed. R. Civ. P. 34(a)(1)(A) and (2)(E) and is appropriately limited by its terms to "Plaintiff's allegations against Defendant, as set forth in Plaintiff's Complaint." Record Doc. No. 24-5 at p. 30. Communications or other materials of that sort are <u>not</u> private: plaintiff himself has made them public by availing himself of the public forum that is this court. Plaintiff must provide new written responses to these requests clearly stating either that he has produced all responsive materials, and making actual production, or that he has no such responsive materials in his possession, custody or control.

For the same reasons, the motion is granted in part and denied in part as to Request No. 35. The motion is denied in part and all objections are sustained insofar as the request includes the overly broad "Plaintiff's employment or" language in the middle of the second line of this request. The court hereby deletes that overly broad language from this request and grants the motion in part in that plaintiff must provide new written

5

responses to this request, as limited, clearly stating either that he has produced all responsive materials, and making actual production, or that he has no such responsive materials in his possession, custody or control.

In his opposition memorandum, plaintiff asserts that the foregoing materials should be produced only pursuant to an appropriate protective order, limiting access and their use because disclosure could "potentially expose current employees to retaliatory action by the Defendant . . . and [because of] the history [Defendant] has of retaliating against its employees . . . to ensure they will not face retaliation in their jobs." Record Doc. No. 32 at pp. 6-7. Fed. R. Civ. P. 26(c)(1) governs such proposed protective orders. The Rule provides in pertinent part: "A party or any person from whom discovery is sought may move for a protective order . . . . The court <u>may</u>, <u>for good cause</u>, issue an order to protect a party or person from annoyance, embarrassment, [or] oppression, . . . including . . . specifying terms . . . for the . . . discovery." (Emphasis added). However, the requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir. 1998) (quoting <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); <u>see also</u> <u>United States v. Talco Contractors, Inc.</u>, 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."). Plaintiff has offered only

speculation and unsubstantiated conclusion in support of his request for a protective order for these materials. He has submitted no evidence or anything that might constitute a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, so that entry of a protective order accompanying this production order is unwarranted.

The motion is denied as to Request No. 23. The relevance objection is sustained. Although plaintiff has asserted a claim for reasonable attorney's fees, Record Doc. No. 19, First Amended Complaint at ¶ VI(6), any such claim will be determined using the lodestar method, without reference to any contingency fee agreement. The United States Supreme Court has specifically "barred any use of the sixth factor" enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), i.e., whether the fee is fixed or contingent, Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington v. Dague, 505 U.S. 557, 567 (1992)), in the calculation of recoverable attorney's fees in a Title VII case.

The motion is denied, at least at this time, as to Request for Production No. 25 seeking witness statements and interviews, but only subject to the order contained herein. Plaintiff has asserted work product objections to this request and has provided a privilege log, Record Doc. No. 32-3, indicating that the objections may be well-founded. Fed. R. Civ. P. 26(b)(3). However, neither plaintiff's privilege log nor his response to Interrogatory No. 2, as to which defendant incongruously has <u>not</u> requested relief in this

motion, identify the persons from whom plaintiff has obtained statements. The privilege log is deficient in this regard because, by not identifying the witnesses by name, plaintiff has failed to "describe the nature of the documents . . . or tangible things not produced . . . in a manner that, without revealing information itself privileged, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). The mere identity of witnesses from whom statements have been obtained is <u>not</u> protected from discovery; only the statements themselves may be. "It is clear that work product only protects 'documents and tangible things' produced by or for an attorney preparing for litigation and that it does <u>not</u> protect the disclosure of underlying relevant facts." <u>Blockbuster Entm't v. McComb Video</u>, 145 F.R.D. 402, 403-04 (M.D. La. 1992) (emphasis added) (citation omitted); <u>accord</u> 8 C.A. Wright, A.R. Miller & R.L. Marcus, <u>Federal Practice and Procedure</u> § 2024, at 494 (3d ed. 2010). Thus, the work product doctrine does <u>not</u> protect from disclosure the <u>identity</u> of the persons from whom plaintiff has obtained statements. This deficiency in the privilege log essentially precludes defendant from any possibility of making the showing required by Fed. R. Civ. P. 26(b)(3)(A) that might make such materials discoverable. Accordingly, IT IS ORDERED that plaintiff must provide defendant with a new privilege log, providing the names of the persons identified now only as Witnesses 1, 2, 3 and 4. Of course, if plaintiff has obtained any other witness statements concerning his claims, which are being withheld on work product grounds, those statements must also be listed on his privilege log.

The motion is granted in part and denied in part as to Request No. 44. Plaintiff's opposition memorandum is confusing and unclear as to his current response to this request for highly relevant materials. On one hand, he persists in his privilege objections. On the other hand, he states that he "is not withholding any responsive documents with regards to this request." Record Doc. No. 32 at p. 8. Thus, to make the record clear, the motion is granted in that plaintiff must produce all <u>non-</u>privileged materials evidencing these elements of damage which he seeks to recover, and he must provide a new written response to this request clearly stating either that he has produced all responsive <u>non-</u>privileged materials, and making actual production, or that he has no such responsive <u>non-</u>privileged materials in his possession, custody or control. The motion is denied at this time as to responsive materials, if any, that plaintiff is withholding from production based on the asserted privilege or work product objections. If any materials are being withheld from production on privilege or work product grounds, plaintiff must list them in the amended privilege log ordered above. If no responsive materials are being withheld on those grounds, plaintiff must clearly say so in his new response to Request No. 44.

The motion is denied insofar as it seeks an award of attorney's fees and other expenses incurred in connection with this motion. The motion has been granted in part and denied in part. Under these circumstances, I find that a reasonable apportionment

of the expenses incurred in connection with this motion is that both sides should bear their own costs. Fed. R. Civ. P. 37(a)(5)(B).

All additional written responses requests for production, together with actual production of additional responsive materials, if any; the verification of interrogatory answers; and the amended privilege log required herein must be made by plaintiff to defendant no later than April 20, 2018.

New Orleans, Louisiana, this \_\_\_\_6th\_\_\_\_ day of April, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE