UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRANCE L. RANDLEMAN | CIVIL ACTION |
| VERSUS | NO. 17-3532 |
| LOUISIANA SUGAR REFINING, LLC | SECTION "B" (2) |

## ORDER AND REASONS ON MOTIONS

This is a Title VII case in which plaintiff, Terrance L. Randleman, asserts claims of race and age discrimination, hostile work environment and retaliation, culminating in his wrongful termination from his employment. Two motions are pending before me. Defendant, Louisiana Sugar Refining, LLC ("Louisiana Sugar"), filed a motion for entry of a protective order. Record Doc. No. 44. Randleman filed a motion to compel discovery from defendant, which in some respects implicates defendant's motion for a protective order. Record Doc. No. 45. Each party filed a timely memorandum in opposition to the other's motion. Record Doc. Nos. 53, 54. Plaintiff was permitted to file a reply. Record Doc. Nos. 58, 59, 60. Oral argument was conducted on May 2, 2018. Having considered the motion papers, the record as a whole, the applicable law and the arguments of counsel, IT IS ORDERED that both motions are GRANTED IN PART, DENIED IN PART AND DEFERRED IN PART as follows.

I. DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER

Although the parties agree that a protective order covering some materials to be produced by defendant is appropriate, counsel have been unable to agree on a form of

order. I find that a protective order is needed to protect Louisiana Sugar's confidential, proprietary and trade secret information and to preserve the privacy interests of third persons who are <u>not</u> parties to the lawsuit about whom information might be produced by defendant in the course of discovery. I decline to adopt either of the proposed orders. Accordingly, Louisiana Sugar's motion is granted in part and denied in part. The following protective order is adequate and is hereby entered.

IT IS ORDERED that the parties may designate materials of the sort identified above as confidential and subject to this protective order. All such materials must be clearly marked and maintained as confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, court personnel, the parties' counsel of record, experts retained in connection with this litigation, and testifying witnesses during depositions, trials or evidentiary hearings in open court. Except for court personnel, all persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. Confidential material may be submitted to the court only in strict compliance with Local Rule 5.6. Any party challenging the propriety of a confidentiality designation must do so by motion, noticed for hearing. If the parties agree to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed agreed-upon protective order.

Plaintiff's request in his opposition memorandum for an award of fees and costs associated with defendant's motion for protective order is denied. This motion has been granted in part and denied in part. Under these circumstances, I find that a reasonable apportionment of expenses associated with this motion is that each side should bear its own. Fed. R. Civ. P. 37(a)(5)(C).

II.   PLAINTIFF'S MOTION TO COMPEL

Louisiana Sugar provided timely written responses and objections to plaintiff's requests for production and interrogatories. Randleman seeks to compel production of materials responsive to 15 of his 16 requests for production (excluding only Request for Production No. 14), and to compel more complete responses to his Interrogatories Nos. 1, 2, 4, 8, 9, 10, 12, 13, 15, 16 and 17. He also asks the court to order defendant to produce a privilege log for all materials withheld on the basis of any privilege.

   A.   Interrogatories

The motion is granted as to Interrogatory No. 1, a routine request that defendant identify all persons who assisted with preparation of its answers to interrogatories. Louisiana Sugar did not object to this interrogatory, but did not answer it. A full answer must be provided.

The motion is granted as to Interrogatory No. 2. All objections are overruled. The interrogatory seeks the names of persons whom defendant knows have relevant knowledge and does <u>not</u> require defendant to identify persons outside of its own knowledge. The

court's scheduling order is a disclosure order. It does not preclude plaintiff from discovery at an earlier date of the names and expected testimony of witnesses whom Louisiana Sugar intends to call at trial. On the other hand, a response that defendant does not yet know whom it will call at trial is a legitimate answer, as long as it is true. Louisiana Sugar must supplement its answer to this interrogatory.

Defendant's objections are sustained and the motion is denied as to Interrogatory No. 4. Defendant's answer to this interrogatory is sufficient, subject to the requirement that defendant must supplement its response immediately upon additional information becoming known, Fed. R. Civ. P. 26(e)(1)(B), and describing any information being withheld on the asserted work product and privilege grounds in the required privilege log. Fed. R. Civ. P. 26(b)(5).

As to Interrogatory No. 8, the motion is granted in part and denied in part. Louisiana Sugar's objections to the lack of any time limit and overbreadth are sustained as to this request for all complaints made and disciplinary measures taken against Louisiana Sugar employees Jason Lear, Chuck Melancon and Matt Shexnayder at any time during their employment. Randleman alleges either that these employees were similarly situated to him, but were not similarly disciplined for similar conduct, or that they were managers responsible for creating a hostile work environment. Plaintiff alleges that he was hired by defendant on "October 9, 2010, after which time he began experiencing discrimination based on his race, color, and age." Record Doc. No. 19 at p. 5. The motion is therefore

4

granted in part, in that the request is limited to the time period of January 1, 2010 until the present and to complaints made and disciplinary measures taken against these employees similar to those that plaintiff alleges (including those described in the answer to Interrogatory No. 4) in his amended complaint in this case (e.g., Record Doc. No. 19 at ¶¶ 3, 4, 17-21, 24-26 and 29) regarding race or age discrimination, retaliation or a hostile work environment. With these limitations, the interrogatory seeks information relevant to the parties' claims and defenses and proportional to the needs of this case. Defendant must supplement its answer to provide responsive information within the limitations established in this order.

Defendant's objections are sustained and plaintiff's motion is denied as to Interrogatory No. 9, which is overly broad and not proportional to the needs of this matter. The interrogatory is ambiguous and excessively wide-ranging in requesting information about the creation of <u>all</u> policies, many of which are irrelevant to Randleman's job and his specific claims. Defendant's response provides a subset of responsive information that appears relevant and proportional to the parties' claims and defenses. Louisiana Sugar also states in its memorandum that it will supplement its answer upon entry of a protective order, which the court has entered above. Defendant must make the supplemental answer.

Plaintiff's motion is granted in part and denied in part as to Interrogatory No. 10 and defendant's objection is sustained in that the interrogatory lacks any time limit. The court hereby imposes the same time limit of January 1, 2010 to the present as set out above. The

interrogatory's language is so ambiguous and overly broad that it clearly exceeds the scope of Rule 26(b) and is not proportional to the needs of this case insofar as it seeks information concerning "the use of language considered to be inappropriate," Record Doc. No. 45-3 at p. 16, and the objections are sustained and the motion is denied in part in that regard. However, the request for information concerning "public belittling" of another employee is clearly relevant to Louisiana Sugar's defense asserted in Paragraph 26 of its answer, Record Doc. No. 22 at p. 12, in which defendant uses the same term "publicly belittled," which defendant obviously understands. Thus, the objections are overruled, and the motion is granted in part concerning incidents of publicly belittling of another employee, which defendant must provide.

Plaintiff's motion is granted in part as to Interrogatory No. 12. Although the interrogatory is overly broad as written, it can be proportionally limited to non-privileged statements made by defendant's directors, management employees and plaintiff's own supervisors regarding his termination, the filing of this lawsuit and the facts alleged in the complaint. Defendant argues that it may be impossible to account for all oral statements. However, it is only required to respond regarding statements, oral and written, of which it has knowledge after a reasonable inquiry. Louisiana Sugar must respond to this interrogatory, as limited above.

The motion is denied as to Interrogatory No. 13. Defendant's answer identifying Randleman's supervisors and agreeing to produce plaintiff's personnel file containing his

written evaluations, Fed. R. Civ. P. 33(d), is sufficient at this time. Deposing those individuals to learn what oral statements they made regarding plaintiff's performance would be a more convenient, reliable, less burdensome and non-duplicative way of discovering such oral evaluations. Fed. R. Civ. P. 26(b)(2)(C)(i).

The motion is denied as to Interrogatory Nos. 15 and 17, which seek irrelevant information regarding non-parties and are not proportional to the needs of this matter. All objections are sustained.

Plaintiff's motion is granted in part as to Interrogatory No. 16, in that Louisiana Sugar must answer regarding its relationship with Cargill, Inc. and which personnel at Cargill are aware of this case, to the extent that such information is within defendant's knowledge after a reasonable inquiry. The allegations in plaintiff's amended complaint clearly place at issue Cargill's involvement in plaintiff's placement with defendant. See, e.g., Record Doc. No. 19 at ¶¶ 2, 7, 14-16. In addition, if Cargill's insurers "may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment," Fed. R. Civ. P. 26(a)(1)(iv), that information must be provided. Defendant's objections are sustained and the motion is denied as to the remainder of the interrogatory, which seeks information irrelevant to the parties' claims and defenses.

I note that the copy of interrogatory answers provided to me in connection with this motion, Record Doc. No. 45-3, does not include the verification of interrogatory answers,

sworn under oath by an officer or agent of defendant, required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5). Louisiana Sugar must provide the required verification as to all interrogatory answers.

B. Requests for Production

Randleman seeks to compel production of materials responsive to his Requests for Production Nos. 1 through 13, 15 and 16. Louisiana Sugar stated in its discovery responses (and reiterated in its opposition memorandum) that it would produce all non-privileged responsive materials, except that it declined to produce any materials in response to Requests for Production Nos. 1, 3, 4, 6, 7, 9, 12 and 15 until a protective order is in place. Such an order has been entered herein. Accordingly, defendant must produce to plaintiff's counsel all non-privileged materials in its possession, custody or control that are responsive to Requests for Production Nos. 1, 3, 4, 7, 9, 12 and 15, as limited below, and provide new written responses clearly stating that it has done so. Defendant need not provide anything in response to Request for Production No. 6, as to which plaintiff's motion to compel is denied below.

As to Request for Production No. 1, the motion is denied in part and defendant's objection to producing personnel files regarding Randleman's employment with any other entity besides Louisiana Sugar is sustained, except as follows. The motion is granted and defendant's objection is overruled to the extent that Louisiana Sugar has within its possession, custody or control any of plaintiff's personnel records from his prior

employment at Cargill, whose employment actions as to him are clearly part of his claims. See, e.g., Record Doc. No. 19, First Amended Complaint at ¶¶ I(2), II(6), IV(B)(15) and (16). Defendant must produce any such records.

Request for Production No. 2 seeks the personnel files of Jason Lear, Matt Shexnayder, Chuck Melancon and all individuals identified in defendant's answers to Interrogatories Nos. 8, 10, 12, 13 and 15. Louisiana Sugar objects that, because the request has no time or subject limitation, it both exceeds the scope of relevance to the parties' claims and defenses and is unduly burdensome. The time limit objection is sustained and the court imposes a time limit from January 1, 2010 to the present. In addition, with respect to Request for Production No. 2, defendant objects to producing non-party employee information without a protective order in place. Louisiana Sugar asks the court to review in camera the requested personnel files of non-parties and to order production of only those materials within the files that are relevant to the claims and defenses in the instant case.

Discovery of the personnel files of non-party individual employees presents special concerns about the privacy rights of the individuals involved. Certainly, employment personnel files can be expected to contain much information that is personal and private, including medical records and personal data identifiers of the type contemplated by Fed. R. Civ. P. 5.2(a), and that is irrelevant to a particular lawsuit. This does not mean that a party is never entitled to discover the personnel files of an opponent's employees or that everything contained in them is irrelevant. The court must balance the interests of the

parties in obtaining relevant discovery against the privacy interests of individual non-parties. Thus, "a district court has discretion to determine whether discovery of such files is warranted." Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996)). As in Atkinson, before production of such documents might be ordered, it appears that an in camera inspection of the documents would be appropriate to determine both their relevance and their need for confidentiality, if any. Id. Accordingly, the motion is denied insofar as it seeks the personnel files of anyone other than Jason Lear, Matt Shexnayder and Chuck Melancon. As to these three, the motion is deferred as to Request for Production No. 2. **IT IS ORDERED** that defendant must provide these personnel files to me for in camera review no later than **May 9, 2018**. After receiving Louisiana Sugar's response to this order, I will rule on this portion of the motion without further briefing or oral argument.

Defendant's objection that Requests for Production Nos. 3 and 4 are overly broad because they lack a time limit is sustained. The requests are limited to the time period of January 1, 2010 until the present and the motion is granted as to these requests within that limit. Louisiana Sugar has stated that it will produce responsive materials from that time period once a protective order is entered, and the motion is granted in that defendant must do so and provide new written responses clearly stating that it has done so.

Plaintiff's motion is denied as to Request for Production No. 5 and defendant's objections are sustained. This request is overly broad because it lacks a time limitation and extends to much that exceeds the scope of claims and defenses concerning <u>plaintiff's</u> employment and because its terms "personnel consultants" and "Defendant's area or region of its Division" are ambiguous. In his memorandum, plaintiff states that the term "personnel consultants" means defendant's internal human resources personnel. Even if Request for Production No. 5 were limited to such employees, it is overly broad in seeking all documents addressed to or received by such personnel that refer to discrimination based on national origin, which is not at issue in this case. This request seeks too much that is irrelevant to plaintiff's particular claims and is clearly excessive on its face to the needs of this case. Despite Randleman's arguments, <u>no</u> disparate impact or "policy, pattern and practice" discrimination claim is alleged in his amended complaint. He alleges only disparate treatment claims for race and age discrimination and a hostile work environment directed at plaintiff personally.

Plaintiff's motion is denied as to Request for Production Nos. 6, 8, 10 and 11. These requests are overly broad in that they seek materials that are entirely irrelevant to the parties' particular claims and defenses and are not proportional to the needs of this case. As to Request for Production Nos. 6 and 11, Randleman has asserted no national origin, disparate impact or "policy, pattern and practice" discrimination claims. As to Request for Production No. 8, he has not alleged that he was a unit manager, so unit managers are not

similarly situated to him and their performance evaluations are irrelevant. As to Request for Production No. 10, defendant's selection of documents for review by its "attorneys in connection with their defense of this action" is entirely irrelevant to Randleman's claims. Despite his supposed limitation of the request to non-privileged communications, this request has no apparent purpose other than an attempt to invade defendant's attorney-client privilege and work product protections.

The motion is granted as to Request for Production No. 7, which is limited by its express terms only to materials relating specifically to plaintiff's employment by defendant and any of <u>his own</u> complaints against Louisiana Sugar regarding race, age or hostile work environment discrimination or retaliation that are within defendant's possession, custody or control. Defendant has stated that it will produce such responsive materials once a protective order is entered, and the motion is granted in part in that defendant must do so and provide new written responses clearly stating that it has done so.

As to Request for Production No. 9, Randleman in his memorandum limited the reach of this request to "documents <u>identified by the defendant</u> as responsive," Record Doc. No. 45-1 at p. 14 (emphasis in original), rather than to the objectionably excessive language of the request that seeks "all documents referred to, associated with, or encompassed by the Defendant's answers to interrogatories." The motion is granted in part as to Request for Production No. 9 with this limitation. Defendant has stated that it will produce such responsive, non-privileged materials once a protective order is entered, and defendant must

12

do so and provide new written responses clearly stating that it has done so. The motion is denied insofar as it might apply to the broader range of materials described in this request.

The motion is denied in part as to Requests for Production Nos. 12 and 13. These requests are overly broad as written and seek much that is entirely irrelevant to the claims and defenses of the parties. However, the motion is granted in part only to the extent these requests seek <u>non</u>-privileged materials from January 1, 2010 to the present regarding plaintiff and his particular claims in this action. Defendant has stated that it will produce such responsive, non-privileged materials once a protective order is entered, and it must do so and provide new written responses clearly stating that it has done so. Responsive materials being withheld on the privilege or work product grounds contained in defendant's objections must be listed in a privilege log.

Defendant's overbreadth objection is sustained in part and the motion is granted in part as to Request for Production No. 15. The request is hereby limited to the requested communications from January 1, 2010 to the present that relate to plaintiff's own employment, job performance and complaints regarding race, age or hostile work environment discrimination or retaliation at Louisiana Sugar that are within defendant's possession, custody or control. Defendant has stated that it will produce such responsive, non-privileged materials once a protective order is entered, and the motion is granted in part in that it must do so and provide new written responses clearly stating that it has

done so. Responsive materials being withheld on privilege or work product grounds must be listed in a privilege log.

The motion is granted in part and denied in part as to Request for Production No. 16, which seeks a list of all documents being withheld from production based on privilege "<u>or for any other reason</u>." Record Doc. No. 45-3 at p. 36 (emphasis added); <u>see also</u> plaintiff's memorandum, Record Doc. No. 45-1 at p. 13 (Randleman wants to know "why any non-privileged documents have been withheld"). Fed. R. Civ. P. 26(b)(5)(A) requires production of a privilege log "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material." A proper log must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i), (ii). Louisiana Sugar acknowledges in its response to Request for Production No. 16 that it is required to produce a privilege log, but objects to the request to the extent it attempts to impose any obligations on defendant beyond the requirements of Rule 26(b)(5)(A)(i) and (ii). This objection is sustained. Defendant is required to produce only responsive, non-privileged materials, and need not identify documents that it has determined are non-responsive or as to which the discovery request is objectionable on grounds other than work product or privilege. Fed.

R. Civ. P. 26(b)(1), 34(b)(2)(C). However, Louisiana Sugar must produce a privilege log in accordance with Rule 26(b)(5)(A)(i) and (ii).

Plaintiff's motion is denied insofar as it seeks an award of attorney's fees and other expenses incurred in connection with this motion. The motion has been granted in part and denied in part. Under these circumstances, I find that a reasonable apportionment of the expenses incurred in connection with this motion is that both sides should bear their own costs. Fed. R. Civ. P. 37(a)(5)(C).

All additional written responses to requests for production, together with actual production of responsive materials; the supplemental interrogatory answers and verification of all interrogatory answers; and the privilege log required herein must be made by defendant to plaintiff no later than May 16, 2018.

New Orleans, Louisiana, this ___2nd___ day of May, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE